UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-10125-DMG (JPRx)** | Date | January 6, 2021 |
|---|---|---|---|

| Title | *Frank K. Osby v. KSM Healthcare, Inc.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

### I.
### BACKGROUND

On September 3, 2020, *pro se* Plaintiff commenced this action in Los Angeles County Superior Court, bringing state-law claims for negligence, medical malpractice, and elder abuse against Defendant KSM Healthcare, Inc., dba Dreier's Nursing Care ("KSM"). Notice of Removal ("NOR") ¶¶ 2-3 [Doc. # 1]. Plaintiff's Complaint listed his address as being in Houston, Texas. *Id.* at ¶ 3. On November 4, 2020, KSM removed the action to this Court, asserting diversity jurisdiction because Plaintiff is a citizen of Texas and it is a citizen of California, and that the forum defendant rule does not apply because it removed the action before it was properly served. *Id.* at ¶ 1. On November 16, 2020, Plaintiff signed the instant Motion to Remand ("MTR"), which was filed by mail and entered onto the docket on November 30. [Doc. # 11.]

On December 7, 2020, KSM alerted the Court that Plaintiff had passed away. [Doc. # 14]. KSM learned of Plaintiff's death via an email from Plaintiff's sister, Willia Osby, on November 27, 2020, who wrote: "In light of Mr. Osby's death, decisions must be made as to how to proceed with this litigation." *Id.* at 4.[1] KSM filed an Opposition to the MTR on December 15, 2020. [Doc. # 15.] For the reasons set forth below, the MTR is **GRANTED**.

### II.
### LEGAL STANDARD

Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. A civil action brought

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-10125-DMG (JPRx)** | Date | January 6, 2021 |
| Title | *Frank K. Osby v. KSM Healthcare, Inc.* | Page | 2 of 3 |

in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis* (*In re Digimarc Corp. Derivative Litig.*), 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

### III.
### DISCUSSION

As a preliminary matter, KSM argues that because Plaintiff is deceased, he is no longer the real party in interest and so does not have standing to bring the motion. Opp. at 9-10. But Plaintiff was the real party in interest when he signed and filed the MTR. In any event, it is KSM's burden to establish removal jurisdiction, not Plaintiff's. Federal courts also have "an independent obligation to assure ourselves of our own jurisdiction." *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 769 n.5 (9th Cir. 2008). KSM also claims that Willia Osby is acting on Plaintiff's behalf, but as KSM itself observes, Willia "is not bringing this motion or representing this action as his successor in interest." Opp. at 10. Under Federal Rule of Civil Procedure 25, a representative of a deceased party has 90 days to file a motion for substitution. No such motion has been filed, and the time for doing so has not passed. The Court will therefore evaluate diversity jurisdiction based on Plaintiff's citizenship at the time of removal, when he was alive. *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (removal based on diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected.").

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747,

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-10125-DMG (JPRx)** | Date | January 6, 2021 |
| Title | *Frank K. Osby v. KSM Healthcare, Inc.* | Page | 3 of 3 |

749 (9th Cir. 1986) (citations omitted). For jurisdictional purposes, domicile is determined as of the time the lawsuit is filed. *Id*. It is well established that domicile is determined by "fixed habitation of abode in a particular place, and an intention to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). Tangible factors which reflect this intent include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

In his MTR, Plaintiff claims that he used the Texas address listed on his Complaint, which is a relative's address, only to receive correspondence. According to Plaintiff, for the past year he has lacked a reliable permanent mailing address, having stayed unpredictably in various skilled nursing facilities and hospitals in Southern California. He purports to have continuously resided in Los Angeles County since 1959, including at the time the lawsuit was filed. MTR at 2-3.

KSM does not sufficiently rebut these statements.[2] Indeed, KSM's own records indicate that when Plaintiff was admitted to its nursing home, he listed his address as a homeless shelter in Los Angeles, and designated the shelter as the place he wished to be discharged to. Lorant Decl. ¶¶ 3-4 [Doc. # 15-1]. This evidence, combined with Plaintiff's history of residence, outweigh his choice of mailing address in determining where he actually resided and where he intended to remain indefinitely. Accordingly, the Court finds that Plaintiff was a citizen of California. Because KSM is also a citizen of California, *see* NOR ¶ 7, the parties are not diverse and removal was improper.

## V.
## CONCLUSION

In light of the foregoing, Plaintiff's MTR is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court. KSM's motion to dismiss [Doc. # 9], is **DENIED as moot**, without prejudice to refiling in state court. The January 8, 2021 hearing is **VACATED**.

**IT IS SO ORDERED**.

---

[2] KSM objects to Plaintiff's statements as not coming in the form of declarations or affidavits. Plaintiff made these assertions about his own residential history in a brief that he signed himself. The Court will not fault a *pro se* Plaintiff for not strictly adhering to the proper technical form of presenting otherwise admissible evidence, which is corroborated by KSM's own records.